IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDIKAS STRUBELIS, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:13-CR-159-CAP-JKL |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:16-CV-782-CAP-JKL |

## **FINAL REPORT AND RECOMMENDATION**

Movant is a former federal prisoner who, pro se, filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 137.)[1] In 2014, the Court sentenced Movant to fifty-one months' imprisonment and three years' supervised release after a jury convicted him of transporting stolen goods in interstate commerce. (Doc. 120.) In 2015, the U.S. Court of Appeals for the Eleventh Circuit affirmed the judgment of conviction. (Doc. 135.)

In 2016, while serving his prison sentence, Movant filed his § 2255 motion. (Doc. 137.) Movant asserts one claim in that motion. He contends that because he was not deemed a deportable alien at the time of sentencing, he was not given the opportunity to request a downward departure or sentence modification on the basis of

---

[1] All citations to the record are to 1:13-cr-159-CAP-JKL.

being a deportable alien. (*Id.*; Doc. 137-1.) Movant contends that he did not become a deportable alien until federal immigration officials placed a detainer on him a few months after he was sentenced. (*Id.*)

Movant complains that his alleged inability to use his deportable status to his benefit at sentencing "may have had an effect on the duration of his sentence and post-sentencing restrictions." (Doc. 137-1 at 3.) Movant specifically complains about not being placed in a low-security prison, not being eligible for early release to a community correctional facility, and facing a period of supervised release after he leaves prison, all of which he might not have faced if he had been treated as a deportable alien at sentencing. (*Id.* at 3-7.) Movant does not contest his convictions. (*See generally* Docs. 137, 137-1.)

The government filed a motion to dismiss the § 2255 motion as moot. (Doc. 153.) The government states that Movant was released from prison after he filed his § 2255 motion and, in March 2017, was removed from the United States by immigration officials. (*Id.* at 3.) The Bureau of Prisons' records confirm that Movant was released from prison on January 11, 2017. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited May 22, 2017).

2

Because Movant challenged only his sentence, including post-confinement supervised release, in his § 2255 motion and is no longer in prison or on supervised release, the government contends that the motion is moot. (Doc. 153.) Movant did not file a response to the government's motion to dismiss, and the time for doing so has expired.

A federal court can adjudicate only those cases presenting a "live controversy with respect to which the court can give meaningful relief." *De La Teja v. United States*, 321 F.3d 1357, 1362 (11th Cir. 2003) (quotation marks omitted). "When the issue that a prisoner presents in a § 2255 motion becomes moot, the Court loses jurisdiction over the proceeding. And when the Court lacks jurisdiction, it must dismiss the action pending before it." *Bailey v. United States*, No. CR-08-IPJ-PWG-0408-S, 2013 WL 4851679, at *6 (N.D. Ala. Sept. 10, 2013).

The Court agrees with the government that this case is moot because the Court cannot provide Movant any meaningful relief under § 2255. In his § 2255 motion, Movant sought a reduced prison sentence and to not be subject to supervised release when he was released from prison. (Docs. 137, 137-1.) Movant also sought to be imprisoned in a low security prison and to be released early to a community correctional facility. (*Id.*) Because Movant has been released from prison and is not

3

subject to supervised release given his removal from the country, his claims are moot and must be dismissed.

Accordingly, the undersigned **RECOMMENDS** that the government's motion to dismiss [153] be **GRANTED**, Movant's § 2255 motion [137] be **DISMISSED AS MOOT**, and civil action number 1:16-cv-782-CAP-JKL be **DISMISSED**. The undersigned **FURTHER RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the § 2255 motion is not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 23rd day of May, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)